1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11   GLENN CASABURI,                          )   Case No. CV 13-4705 FMO(JC)
                                              )
12                        Petitioner,         )
                                              )
13              v.                            )   ORDER DISMISSING ACTION
                                              )   WITHOUT PREJUDICE
14   WARDEN,                                  )
                                              )
15                                            )
                        Respondent.           )
16   _____         )

17          On June 28, 2013, petitioner, a California state prisoner proceeding *pro se*,

18   filed a letter request for an extension of time to file a federal petition for writ of

19   habeas corpus.  ("Letter Request").[1]  For the reasons discussed herein, this action is

20   dismissed without prejudice for lack of jurisdiction.[2]

21

22   _____

23          [1]The Letter Request appears to have been signed by petitioner on June 17, 2013, to have
     been mailed on June 19, 2013, to have been received by the Clerk on June 24, 2013, and to have
24   been formally filed on June 28, 2013.

25          [2]A jury convicted petitioner of unlawfully taking or driving a car and receiving stolen
     property in Los Angeles County Superior Court Case No. PA069960.  People v. Casaburi, 2012
26   WL 6098709 (Dec. 10, 2012) (Case No. B236187).  On December 10, 2012, the California Court
     of Appeal, Second Appellate District, ordered that the abstract of judgment be corrected to
27   reflect the court's pronouncement staying the sentence on petitioner's second conviction, and
     affirmed the judgment as corrected.  Id.  This Court takes judicial notice of the dockets of the
28                                                                              (continued...)

1    The exercise of federal jurisdiction under the Constitution depends on the

2  existence of a case or controversy.  United States National Bank of Oregon v.

3  Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993);

4  Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of

5  the United States Constitution restricts adjudication in federal courts to cases and

6  controversies).  A case or controversy exists when one party demonstrates that it

7  has suffered injury-in-fact which fairly can be traced to acts or omissions of the

8  second party and when there is a substantial likelihood that the relief requested will

9  redress the injury claimed.  Johnson, 851 F.2d at 235.

10    A federal court lacks jurisdiction to consider the timeliness of a habeas

11  petition unless and until such a petition is actually filed because there otherwise is

12  no case or controversy within the meaning of Article III of the Constitution.  See

13  Ford v. Warden, 2008 WL 2676842, *1 (C.D. Cal. July 7, 2008) (Constitution's

14  "case or controversy" jurisdictional requirement precludes giving of advisory

15  opinion that statute of limitations will not bar anticipated, but not yet filed, federal

16  habeas petition); United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (granting

17  government motion to dismiss appeal from order denying motion to submit out of

18  time petition under 28 U.S.C. § 2255 because no case or controversy in absence of

19  filing of petition); Calderon v. Ashmus, 523 U.S. 740, 746-49 (1998) (no "case or

20  controversy" where prisoners sought declaratory relief to determine the time limits

21  that would govern future habeas actions); see also United States v. Cook, 795 F.2d

22

23  _____

24    [2](...continued)
   California Court of Appeal, Second Appellate District and the California Supreme Court,

25  available via website www.appellatecases.courtinfo.ca.gov, which also reflect the following:  (1)
   On February 13, 2013, the California Supreme Court Case denied petitioner's petition for review

26  in Case No. S207381; (2) On March 14, 2013, the Court of Appeal issued the remittitur; and (3)
   on July 30, 2012 – while petitioner's direct appeal was pending in the Court of Appeal –

27  petitioner filed a petition for writ of habeas corpus in the Court of Appeal, Second Appellate

28  District Case No. B242897, which such court denied on August 7, 2012.

987, 994 (Fed. Cir. 1986) (in Fair Labor Standards Act case, district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Here, because petitioner has not actually filed a federal petition for writ of habeas corpus, there is no action or proceeding pending and no case or controversy to be heard.  Consequently, this Court is without jurisdiction to consider petitioner's Letter Request for an extension of time to file a federal petition for writ of habeas corpus.

For the foregoing reasons, this case is dismissed without prejudice.

IT IS SO ORDERED.

DATED:     July 3, 2013


_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:


_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

3